UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NUCKOLS,

    Plaintiff,

vs.                                                                  Case No. 07-14301

BLUE CROSS BLUE SHIELD                        HON. AVERN COHN
OF MICHIGAN,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

I.

Brian Nuckols, proceeding <u>pro se</u>, has filed a complaint naming Blue Cross Blue Shield of Michigan as defendant. From what can be gleaned, plaintiff alleges he was subjected to sexual harassment during his employment with defendant.

Before the Court is plaintiff's motion to disqualify the undersigned under 28 U.S.C. § 455. For the reasons that follow, the motion is DENIED.

II.

Plaintiff has filed thirteen <u>pro se</u> cases in this district since April 2007. In each case, plaintiff has paid the requisite filing fee of $350.00. The instant case, filed October 11, 2007, is the most recent. Each complaint names a different defendant. The cases have been randomly assigned to various judges in this district. This is the second case filed by plaintiff assigned to the undersigned. On September 28, 2007, plaintiff filed a complaint naming the United States District Court for the Eastern District

of Michigan as a defendant.  See Nuckols v. United States District Court for the Eastern District of Michigan, 07-14001.  On October 12, 2007, the Court sua sponte dismissed the complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.  The Court also directed that the Clerk return the filing fee to plaintiff.

III.

Disqualification under either Section 455 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1303-04 (quotations and citations omitted).  Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge.  See Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956); see also City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980) (holding that on motion to disqualify judge, facts stated with particularity were to be taken as true, but affidavits which were conclusory or constituted merely opinions were not sufficient).

Here, plaintiff has not demonstrated any of the factors requiring disqualification as provided by federal statute.  Construed in the most liberal light, plaintiff simply disagrees with the Court's dismissal of one of his prior cases.  Plaintiff has not shown that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1).  Plaintiff has not referred to any extrajudicial conduct arising out of this

Court's background and associations. Therefore, plaintiff has not presented a factual basis to support a motion under Section 455 and his motion is without merit.

SO ORDERED.

                                    s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: October 29, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Brian Nuckols, P.O. Box 3444, Farmington Hills, MI 48333-3444 on this date, October 29, 2007, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5160