**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN NUCKOLS,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　Case No. 07-14301

BLUE CROSS BLUE SHIELD　　　　　　　　　　HON. AVERN COHN
OF MICHIGAN,

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[1]**

I.

Plaintiff Brian Nuckols, proceeding pro se, filed a complaint naming Blue Cross Blue Shield of Michigan (Blue Cross) as defendant. From what can be gleaned, Nuckols is suing Blue Cross, his former employer, asserting several claims under state and federal law. He alleges violations arising under 42 U.S.C. §§ 1981, 1983, 2000e, 1985, and 1986. He also asserts several state law claims arising from his former employment with Blue Cross, including sexual harassment, intrusion upon seclusion, retaliation, and constructive discharge.

Before the Court is Blue Cross's motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that Nuckols fails to state any valid federal claims and the Court should decline to exercise supplemental jurisdiction over his state law claims which are the subject of a separate lawsuit pending in state court. Nuckols has responded to the

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

motion.[2] For the reasons that follow, the motion will be granted.

II.

A motion under Fed. R. Civ. P. 12(b)(6) seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

III.

Each of Nuckols' claims are addressed in turn.

As to his claim of sex discrimination under 42 U.S.C. § 1981, it fails to state a claim upon which relief may be granted because it is well-established that § 1981 does not apply to sex discrimination. Runyon v. McCrary, 427 U.S. 160 (1976).

---

[2]Nuckols' response does not contain a substantive discussion of his claims. Rather, he essentially says that in light of the fact that his motions to disqualify the undersigned on the grounds of bias have been denied, it would be futile to argue or present evidence in support of his claims.

Nuckols also fails to state a claim under 42 U.S.C. § 1983 because § 1983 does not apply to private employers, such as Blue Cross, in the absence of state action which Nuckols does not allege. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

As to his claim for violation of Title VII, 42 U.S.C. § 2000e, Nuckols fails to state a claim because he did not exhaust his administrative remedies by filing a charge of discrimination with the EEOC. It clear that a federal courts cannot hear a Title VII claim unless the plaintiff first files the claim in an EEOC charge. See Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1998); Mitchell v. Chapman, 343 F.3d 811, 821 n. 10 (6th Cir. 2003).

Nuckols' claim under 42 U.S.C. § 1985(3) also fails. "Section 1985(3) creates a cause of action for conspiracy to violate civil rights." Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007) (footnote omitted). Here, Nuckols has not set forth specific allegations supporting a conspiracy claim. He has also failed to allege what "right" Blue Cross has deprived him of in order to maintain a claim. It is clear that a violation of Title VII cannot form the basis of a § 1985(3) claim. Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). Moreover, as explained above Nuckols has not stated a claim under § 1981 or § 1983.

Nuckols' claim under 42 U.S.C. § 1986 must also be dismissed. In order to state a claim § 1986, a plaintiff must also state a cause of action under 42 U.S.C. § 1985. See Bass v. Robinson, 167 F.3d 1041, 1050-51 n .5 (6th Cir. 1999). Because Nuckols' § 1985(3) claim fails, he cannot make out a § 1986 claim.

Regarding Nuckols' state law claims for sexual harassment, intrusion upon seclusion, retaliation and constructive discharge, in light of finding that Nuckols has not

made out a federal law, the Court declines to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c)(3). This is especially so because it appears that Nuckols is presenting litigating these claims in state court.

IV.

For the reasons stated above, Blue Cross' motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Brian Nuckols, P.O. Box 3444, Farmington Hills, MI 48333-3444, on this date, December 13, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160